# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETEDGE, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>MARKETFLEET SOURCING, INC.<br>d/b/a FRONTPET,<br><br>                Defendant. | Civil Action No. 16-12562<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

Plaintiff PetEdge, Inc., complains against Marketfleet Sourcing, Inc. d/b/a Frontpet as follows:

## PARTIES

1. PetEdge is a Massachusetts corporation headquartered at 100 Cummings Center, Beverly, Massachusetts, 01915.

2. PetEdge is in the business of designing, sourcing, manufacturing, and distributing pet-related merchandise.

3. PetEdge invented a folding pet ramp and steps combination apparatus ("pet ramp/steps"), and PetEdge owns a patent directed to various embodiments of this apparatus, namely U.S. Patent No. 7,621,236 ("the '236 Patent"). A copy of the '236 Patent is attached as **Exhibit A**. PetEdge manufactures and sells pet ramp/steps embodying inventions claimed in the '236 Patent and marks those products with the '236 Patent.

4. Among the pet ramp/steps that PetEdge sells is its "Renew Rampsteps" (SKU ZA6044), which PetEdge markets and sells under its PET STUDIO ® brand. PetEdge also sells a version under the GUARDIAN GEAR® brand.

5. On information and belief, Marketfleet Sourcing, Inc. d/b/a Frontpet ("Marketfleet") is a California corporation headquartered at 825 Main Street, Chico, California, 95928.

6. On information and belief, Marketfleet manufactures, uses, offers to sell, and/or sells an array of household furniture products, including pet-related merchandise.

7. Marketfleet's pet-related merchandise includes at least one model of pet ramp/steps, which is advertised and sold under the "Lux by Frontpet" or "Frontpet" brand. Marketfleet's model of pet ramp/steps is sold as "Lux by Frontpet Folding 2-In-1 Wood Pet Stairs / Pet Steps / Dog Stair Ramp / 26.5 x 18 x 21 / Pet Stairs for Small Dogs" ("Accused Product").

8. An excerpt from a national, third-party retailer (www.amazon.com), listing for sale the Marketfleet Accused Product is attached hereto as **Exhibit B**. Marketfleet distributes its products, including the Accused Product, through national retailers like Amazon.com as well as through its own websites (www.marketfleet.com and www.frontpet.com). Excerpts from www.marketfleet.com and www.frontpet.com are included in Exhibit B. Marketfleet's activities have been without express or implied license from PetEdge.

9. The Accused Product competes directly with PetEdge's pet ramp/steps product and appears to be a knock-off of the PetEdge pet ramp/steps product, such as PetEdge's PET STUDIO® pet ramp/steps. For example, a side-by-side comparison of PetEdge's patented PET STUDIO® "Renew Rampsteps" and an example of the Marketfleet Accused Product, namely the

"Lux by Frontpet Folding 2-In-1 Wood Pet Stairs / Pet Steps / Dog Stair Ramp / 26.5 x 18 x 21 / Pet Stairs for Small Dogs" model, is depicted below.

| PetEdge PET STUDIO® "Renew Rampsteps" | Marketfleet's "Lux By Frontpet Folding 2-In-1 Wood Pet Stairs / Pet Steps / Dog Stair Ramp / 26.5 x 18 x 21 / Pet Stairs For Small Dogs" |
|---|---|
| | |

## JURISDICTION AND VENUE

10. This is an action for patent infringement arising under the Patent Laws of United States, Title 35, United States Code. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1332 (diversity) and 1338 (patent actions).

11. Venue is proper under 28 U.S.C. § 1391(b) and (c) and § 1400(b). Marketfleet has committed and/or threatened to commit acts of infringement in this District, and this action arises from those acts. Marketfleet has regularly engaged in business in this Commonwealth and District and purposefully availed itself of the privilege of conducting business in this District, for example, by offering for sale and selling the Accused Product in this District.

12. For example, Marketfleet advertises, offers for sale, and sells the Accused Product through various retail websites, such as Amazon.com. The Accused Product is made available to any person to buy, including Massachusetts residents. Indeed, a PetEdge employee was able to buy the Accused Product on Amazon.com and have it shipped to her home in Massachusetts.

ME1 23881601v.1

There were no geographic restrictions placed on sales of Marketfleet's Accused Product. They are made available to any and all Massachusetts customers.

## THE PATENT INFRINGED

13. On November 24, 2009, the United Stated Patent and Trademark Office ("USPTO") issued United States Patent No. 7,621,236, entitled "Folding Pet Ramp and Steps" ("the '236 Patent').

14. The '236 Patent was assigned to PetEdge, which owns the full rights, title, and interest in the '236 Patent.

15. The '236 Patent has not expired and is in full force and effect.

16. Pursuant to 35 U.S.C. § 282, the '236 Patent and each of its claims are presumed valid.

17. PetEdge marks its pet ramp/steps with the '236 Patent and thus gives at least constructive notice of the '236 Patent to the public, including to Marketfleet.

## THE ALLEGED PATENT INFRINGEMENT

18. Marketfleet designs, makes, imports, uses, sells, and/or offers to sell an infringing pet ramp/steps product, including at least the "Lux by Frontpet Folding 2-In-1 Wood Pet Stairs / Pet Steps / Dog Stair Ramp / 26.5 x 18 x 21 / Pet Stairs for Small Dogs."

19. As alleged herein, Marketfleet has engaged in actions that directly infringe the '236 Patent.

20. An exemplary claim chart showing infringement by the "Lux by Frontpet Folding 2-In-1 Wood Pet Stairs / Pet Steps / Dog Stair Ramp / 26.5 x 18 x 21 / Pet Stairs for Small Dogs" ("Accused Product") of the first independent claim of the '236 Patent is shown below. This claim chart is based on preliminary analysis and may be amended and/or supplemented after

further investigation and discovery in this action. Although PetEdge has charted infringement of Claim 1, PetEdge also contends that other claims are infringed. The claim chart is for notice purposes under Fed. R. Civ. P. 8 and 12.

| Claim Element | Infringing Feature of Accused Product |
|---|---|
| **1.** An apparatus comprising: | The Accused Product is an apparatus. |
| a frame supporting an upper platform member and a lower platform member; | The Accused Product comprises a frame supporting an upper platform member and a lower platform member. The photo below shows the Accused Product with the frame, upper platform member, and lower platform member labeled. |
| the lower platform member having a lower riser and a lower runner; and | The Accused Product comprises a lower platform member having a lower riser and a lower runner. The lower platform member can be seen in the photo below as denoted by the box. The riser and runner are labeled below. The riser supports the runner in the step alignment. |

| Claim Element | Infringing Feature of Accused Product |
|---|---|
| | |
| the upper platform member having an upper riser and an upper runner which are moveable between a ramp mode and a step mode, the upper riser: | The Accused Product comprises an upper platform member having an upper riser and an upper runner. The upper platform member can be seen in the photo below as denoted by the box. The riser and runner are labeled below. The riser supports the runner in the step alignment. |

ME1 23881601v.1

| Claim Element | Infringing Feature of Accused Product |
|---|---|
| |  The above photo shows the Accused Product in a step mode. The below photo shows the Accused Product as subsequently moved to a ramp mode. |

| Claim Element | Infringing Feature of Accused Product |
|---|---|
| (i) fixedly supporting the upper runner against the frame when in the step mode, and | The Accused Product comprises an upper riser: (i) fixedly supporting the upper runner against the frame when in the step mode. The photo below shows the upper riser fixedly supporting the upper runner against the frame when in the step mode. |

| Claim Element | Infringing Feature of Accused Product |
|---|---|
| (ii) being movable from the fixedly supported position to permit the upper runner to move to the ramp mode. | The Accused Product comprises an upper riser: . . . (ii) being movable from the fixedly supported position to permit the upper runner to move to the ramp mode. The photo below shows the apparatus after the upper runner has been moved to the ramp mode by means of moving the upper riser from its fixedly supported position. |

## COUNT I
## INFRINGEMENT OF THE '236 PATENT

21. PetEdge re-alleges and incorporates by reference the preceding paragraphs as though fully set out herein.

22. In violation of 35 U.S.C. § 271, Marketfleet has been infringing, and continues to infringe, the '236 Patent by way of manufacturing, using, offering to sell, and/or selling the Accused Product within the United States, as depicted in Exhibit B and as covered by one or more of the claims in the '236 Patent.

23. Marketfleet has had, at least, constructive notice of the '236 Patent pursuant to 35 U.S.C. §287(a) because PetEdge marks its pet ramp/steps products with the '236 Patent. Further,

ME1 23881601v.1

PetEdge notified Marketfleet about the alleged infringement of the '236 Patent by letter dated November 21, 2016. Thus, Marketfleet has actual knowledge of the '236 Patent.

24. Marketfleet has profited, and continues to profit, from its manufacture, use, offer to sell, and sale of the Accused Product.

25. On information and belief, Marketfleet's infringement of the '236 Patent has been and continues to be willful, wanton, and deliberate.

26. PetEdge has been, and continues to be, damaged and irreparably harmed by Marketfleet's infringement of the '236 Patent.

**WHEREFORE**, PetEdge respectfully requests that this Court enter judgment for PetEdge and against Marketfleet, and grants PetEdge the following relief:

A. A judgment under 35 U.S.C. § 271 finding that Marketfleet infringes the '236 Patent;

B. An order under 35 U.S.C. § 283 preliminarily and permanently enjoining Marketfleet from infringing the '236 Patent;

C. An award of damages under 35 U.S.C. § 284 adequate to compensate PetEdge for Marketfleet's infringement of the '236 Patent and an accounting to determine the proper amount of such damages;

D. A three-fold increase in damages as a result of Marketfleet's willful, wanton, and deliberate acts of infringement;

E. An award pursuant to 35 U.S.C. § 284 of costs, prejudgment, and post judgment interest on PetEdge's compensatory damages;

F. An award pursuant to 35 U.S.C. § 285 of PetEdge's attorneys' fees incurred in this action;

ME1 23881601v.1

G. An order directing the recall and destruction of any and all existing Marketfleet folding pet ramp and steps systems that infringe the '236 Patent; and

H. Such further relief as this Court deems just and proper.

## JURY DEMAND

PetEdge demands a trial by jury on all issues so triable.

PETEDGE, INC.,
By its attorneys,

*/s/ Erik Paul Belt*
Erik Paul Belt (BBO# 558620)
Wyley S. Proctor (BBO# 666613)
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
T: (617) 449-6500
F: (617) 607-9200
ebelt@mccarter.com
wproctor@mccarter.com

Dated: December 20, 2016

11
ME1 23881601v.1