UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PETEDGE, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 16-12562-FDS |
| MARKETFLEET SOURCING, INC. d/b/a FRONTPET, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION TO DISMISS THE COUNTERCLAIM AND
TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

**SAYLOR, J.**

This is a patent dispute. On December 20, 2016, plaintiff PetEdge, Inc. brought suit against defendant Marketfleet Sourcing, Inc., alleging infringement of United States Patent Number 7,621,236 in violation of 35 U.S.C. § 271. In response, Marketfleet has filed an answer and counterclaim alleging fourteen affirmative defenses and three claims for false marking and declaratory judgment of non-infringement and invalidity.

PetEdge has moved to dismiss the counterclaim under Fed. R. Civ. P. 12(b)(6) and to strike certain affirmative defenses under Fed. R. Civ. P. 12(f). For the following reasons, that motion will be granted in part and denied in part.

**I.     Background**

Unless otherwise noted, the facts are set forth as alleged in the counterclaim.

PetEdge, Inc. is a Massachusetts corporation that designs and sells pet-related products.

(Compl. ¶ 2). Marketfleet Sourcing, Inc. is a California corporation that also sells pet-related products, among other things. (*Id.* at 6; Countercl. ¶ 2).

On November 24, 2009, the United States Patent and Trademark Office issued Patent Number 7,621,236 (the "'236 Patent"), entitled "Folding Pet Ramp and Steps." (Compl. ¶ 13). PetEdge appears as the assignee on the first page of the '236 Patent. (Countercl. ¶ 14). In the complaint, PetEdge alleges that it sells a "pet ramp/steps" product called "Renew Rampsteps" under the brand name "Pet Studio." (Compl. ¶ 4). It further alleges that Renew Rampsteps is marked by the '236 patent. (*Id.*).

Marketfleet sells a "folding pet stairs" product under the brand names "Lux by Frontpet" or "Frontpet." (Countercl. at 7). On November 21, 2016, Marketfleet received a letter from PetEdge alleging that Marketfleet was infringing the '236 patent. (*Id.* ¶ 19). The letter contained a side-by-side comparison of PetEdge's Renew Rampsteps and one of Marketfleet's folding pet-stairs products. (*Id.* ¶ 21). According to Marketfleet, the letter induced it to believe that PetEdge's "Renew Rampsteps" product was patented, although in fact it was not. (*Id.* ¶ 19). Furthermore, the letter was allegedly crafted in a way to induce Marketfleet to believe that patent infringement is determined by the similarity of products, and not whether a product reads upon the claims of a patent. (*Id.* ¶ 20).

On December 20, 2016, PetEdge filed a complaint alleging that Marketfleet is infringing on the '236 Patent. On March 2, 2017, Marketfleet filed an answer and counterclaim. The counterclaim seeks a declaration of non-infringement and invalidity, and alleges a claim for false marking. In addition, the answer alleges fourteen affirmative defenses.

PetEdge has moved to dismiss the counterclaim under Fed. R. Civ. P. 12(b)(6) and to strike certain affirmative defenses under Fed. R. Civ. P. 12(f).

## II. Motion to Dismiss

### A. Standard of Review

On a motion to dismiss for failure to state a claim made pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the [counterclaimant] the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the counterclaim must state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the [counterclaim] are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). Dismissal is appropriate if the counterclaim fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

Under Fed. R. Civ. P. 9(b), the standard for allegations of fraud and fraud-based claims is higher than the normal pleading standard. To survive a motion to dismiss, a counterclaim alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).[1] To satisfy the requirements of Rule 9(b), a pleading must identify "the specific who, what, when, where, and how" of the allegedly false or fraudulent representation. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). In addition, although Rule 9(b)

---

[1] When analyzing issues unique to patent cases, courts apply Federal Circuit precedent to determine whether a pleading meets the strictures of Rule 9(b). *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009); *see also Central Admixture Pharm. Servs., Inc. v. Advanced Cardiac Sols., P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (stating that Federal Circuit law applies where an issue "pertains to or is unique to patent law").

requires that "intent, knowledge, and other conditions of a person's mind may be alleged generally," to survive review under Rule 9(b), a pleading must also "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id*.

B.     **Count Three – False Marking**

Count Three of the counterclaim alleges a claim for false marking in violation of 35 U.S.C. § 292. Section 292(a) provides, in relevant part, as follows: "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public . . . shall be fined not more than $500 for every such offense." 35 U.S.C. § 292(a). Because a § 292 claim requires an intent to deceive the public, it sounds in fraud and therefore must satisfy the heightened pleading requirements of Rule 9(b). *See Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed. Cir. 2011).

Two elements must be shown to prove a claim for false marking: (1) marking an unpatented article and (2) intent to deceive the public. *See Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009). Here, the counterclaim fails to allege either with sufficient particularity.

First, the counterclaim does not allege sufficient facts to support the claim that "Renew Rampsteps" was not patented. Indeed there are *no* facts in the complaint to explain Marketfleet's theory of why or how that product was not patented. It merely recites the elements of a claim for false marking, stating that PetEdge "marked upon, or affixed to, or used in advertising in connection with PetEdge's unpatented articles Pet Studio 'Renew Rampsteps' . . . the word 'patent' or 'patented' . . . for the purpose of deceiving the public." (Countercl. ¶ 18). That

4

conclusory allegation, without more, is insufficient to state a plausible claim that PetEdge marked an unpatented article.

Second, the counterclaim fails to allege any facts giving rise to an "objective indication to reasonably infer" that PetEdge intended to deceive the public. *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1311 (Fed. Cir. 2011). The complaint alleges that PetEdge sent Marketfleet a letter that "was crafted in a way to induce Marketfleet to believe that patent infringement is determined by the similarity of products, and not on whether the product reads upon the claims of a patent." Again, § 292 prohibits the use of the word "patent," among other things, as it is "affix[ed] to, or us[ed] in advertising in connection with any unpatented article . . . for the purpose of deceiving the public." 35 U.S.C. § 292(a). Although the counterclaim alludes to an intentional misrepresentation concerning whether Marketfleet's product infringed on the '236 patent, it does not state facts giving rise to an inference that PetEdge misled Marketfleet to believe that Renew Rampsteps was patented when in fact it was not. Therefore, the counterclaim fails to plead sufficient facts to give rise to an inference that PetEdge had the required intent for a false marking claim.

Accordingly, Count Three of the counterclaim will be dismissed.

### C.     Count One – Non-Infringement

Count One of the counterclaim alleges a claim for declaratory judgment of non-infringement. In claims seeking a declaration of non-infringement, the burden is on the patent holder, not the party bringing the claim, to prove infringement. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 852 (2014). The issues presented by a counterclaim for non-infringement are largely (although not entirely) duplicative of the defense of non-infringement, which is also present here. *See Sliding Door Co. v. KLS Doors, LLC*, 2013 WL

5

2090298, at *4 (C.D. Cal. May 1, 2013) (finding that a counterclaim for declaratory judgment of non-infringement "presents an issue that is already before the Court in Plaintiff's Complaint").[2] However, where a defendant seeks to assert a viable counterclaim for non-infringement, it must do more than deny infringement; it must also plead sufficient facts to state a plausible claim for relief. *See The Beer Barrel, LLC v. Deep Wood Brew Prod., LLC*, 2016 WL 5936874, at *5 (D. Utah Oct. 12, 2016).[3] Of course, the dismissal of a counterclaim for non-infringement does not preclude a counterclaimant from raising the same issues to defend a claim of infringement.

Here, the counterclaim amounts to nothing more than a denial of infringement. It alleges that "Marketfleet has not infringed any valid and enforceable claim of the '236 patent, either literally or under the doctrine of equivalents, willfully or otherwise," without further support. As the counterclaim fails to allege any facts to state a plausible claim for non-infringement, Count One will be dismissed.

### D. Count Two – Invalidity

Count Two of the counterclaim alleges that the patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112. Unlike the non-infringement claims, the party alleging invalidity has the burden of proof. *See Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 97 (2011).

Sections 102 and 103 relate to invalidity on the bases of anticipation or obviousness. The

---

[2] Among other things, a counterclaim for non-infringement may serve as a "placeholder in case the plaintiff were to try to dismiss the case." *Nouis Techs., Inc. v. Polaris Indus. Inc.*, 2015 WL 3407862, at *3 (W.D. Wis. May 27, 2015).

[3] Until recently, claims for direct non-infringement were sufficiently pleaded if they satisfied the skeletal requirements of Form 18 of the Federal Rules of Civil Procedure. But the Supreme Court abrogated Form 18 on December 1, 2015. Multiple courts have since found that claims pleaded after the abrogation of Form 18 are subject to the more stringent, but still generous, standard required under *Iqbal* and *Twombly*. *See Sunrise Techs., Inc. v. Cimcon Lighting, Inc.*, 219 F. Supp. 3d 260, 263 (D. Mass. 2016) (applying the *Iqbal/Twombly* standard to a claim for direct infringement following abrogation of Form 18); *see also Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, 2017 WL 239326, at *5 n.12 (D. Del. Jan. 19, 2017), *report and recommendation adopted*, 2017 WL 1196642 (D. Del. Mar. 30, 2017) (analyzing effect of abrogation of Form 18 on pleading standard for counterclaim of non-infringement).

counterclaim alleges that the '236 patent is invalid in view of a specific patent that predates it: United States Patent Number 1,791,330 ('330). It further provides a specification from the '330 patent that appears substantially similar to a specification from the '236 patent. Those allegations, while perhaps not a model of clear pleading, are sufficient to state a plausible claim under Rule 8(a).

By comparison, the counterclaim alleges no facts that give rise to a plausible claim under sections 101 and 112. Under 35 U.S.C. § 101 "[l]aws of nature, natural phenomena, and abstract ideas" are not patentable. *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014). Section 112 sets forth requirements for written description, enablement, and best mode. 35 U.S.C. § 112. The counterclaim does not contain any facts concerning a theory of invalidity under those sections of the statute. As to those claims, the counterclaim "merely 'plead[s] the statute.'" *SCVNGR, Inc. v. eCharge Licensing, LLC*, 2014 WL 4804738, at *4 (D. Mass. Sept. 25, 2014) (quoting *Sprint Commc'ns Co., L.P., v. Theglobe.com, Inc.,* 233 F.R.D. 615, 619 (D. Kan. 2006).

Accordingly, Count Two of the counterclaim will be dismissed as to the claims pleaded under 35 U.S.C. §§ 101 and 112.

### III.     Motion to Strike Certain Affirmative Defenses

#### A.     Legal Standard

Under Fed. R. Civ. P. 12(f), "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, courts "do not . . . view motions to strike affirmative defenses for legal insufficiency under Rule 12(f) favorably." *Bio-Vita, Ltd. v. Rausch*, 759 F. Supp. 33, 39 (D. Mass. 1991). "The general policy is that the pleadings should be treated liberally, and that a party should have the opportunity to support [its]

contentions at trial." *Id.* (quoting *Bennett v. Spoor Behrins Campbell & Young, Inc.*, 124 F.R.D. 562, 563 (S.D.N.Y. 1989)); *see also 4MVR, LLC v. Hill*, 2015 WL 3884054, at *8 (D. Mass. June 24, 2015). Motions to strike affirmative defenses "should be granted only when it is 'beyond cavil that the defendant could not prevail on them.'" *Honeywell Consumer Prods., Inc. v. Windmere Corp.*, 993 F. Supp. 22, 24, (D. Mass. 1998) (alterations omitted) (quoting *Coolidge v. Judith Gap Lumber Co.,* 808 F. Supp. 889, 893 (D. Me. 1992)); *see also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *FEDERAL PRACTICE & PROCEDURE* § 1381, at 421-22 (3d ed.) ("[A] motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits."). However, "[a] plaintiff may prevail on a Rule 12(f) motion 'where it clearly appears that the plaintiff would succeed despite any state of facts which could be proved in support of defense.'" *United States Securities and Exchange Comm'n, v. Nothern*, 400 F. Supp. 2d 362, 364 (D. Mass. 2005) (quoting *FDIC v. Gladstone*, 44 F. Supp. 2d 81, 85 (D. Mass. 1999)).

   **B.** **Tenth and Twelfth Affirmative Defenses – Unclean Hands, Patent Misuse, and Fraud**

Marketfleet's twelfth affirmative defense alleges that PetEdge has "acted fraudulently and illegally." Its tenth affirmative defense alleges that PetEdge "has unclean hands and/or has misused the Patents-in-Suit by attempting to enforce it despite knowing that they are invalid and/or not infringed" by Marketfleet. PetEdge has moved to strike those defenses on the basis that they are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b) and fail to state with particularity the circumstances constituting fraud.

Although the tenth and twelfth affirmative defenses need not necessarily entail a claim for fraud, *PetEdge, Inc. v. Fortress Secure Sols., LLC*, 2016 WL 407065, at *4 n.1 (D. Mass. Feb. 2, 2016), Marketfleet's opposition to the motion to dismiss has made clear that those claims

depend on a fraud-based theory. In that opposition, Marketfleet contends that the same facts that give rise to its counterclaim for false-marking support its affirmative defenses. In light of the insufficiency of the false marking counterclaim, the barebones fraud-based affirmative defenses likewise fail to meet the requirements of Rule 9(b). Accordingly, the tenth and twelfth affirmative defenses will be struck without prejudice to their renewal.

### C. Other Affirmative Defenses

Marketfleet's other claims do not plainly appear to make "redundant, immaterial, impertinent, or scandalous" allegations. Fed. R. Civ. P. 12(f). Although some of those claims may not result in viable defenses upon further development of the record, at this early stage of the litigation, the Court cannot conclude that PetEdge "would succeed despite any state of facts which could be proved." *United States Securities and Exchange Comm'n, v. Nothern*, 400 F. Supp. 2d at 364 (quoting *FDIC v. Gladstone*, 44 F. Supp. 2d 81, 85 (D. Mass. 1999)).

## IV. Conclusion

For the foregoing reasons, PetEdge's motion to dismiss and to strike is GRANTED in part and DENIED in part.

Specifically, the counterclaim of defendant Marketfleet Sourcing, Inc., is DISMISSED as to Count One; as to Count Three; and as to Count Two to the extent it raises claims under 35 U.S.C. §§ 101 and 112. The Tenth and Twelfth Affirmative Defenses asserted by defendant Marketfleet Sourcing, Inc., are hereby STRUCK. The motion is otherwise denied.

**So Ordered.**

                                        */s/ F. Dennis Saylor*
                                        F. Dennis Saylor IV
Dated: July 12, 2017                      United States District Judge